UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED
MAY 1 5 2024
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>DARRYON M. SUTHERLIN,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     4:24CR237 JAR/RHH |

## INDICTMENT

The Grand Jury charges that:

## INTRODUCTION

At all times material to this Indictment, unless otherwise specified below:

1.  Defendant DARRYON M. SUTHERLIN was a resident of St. Louis, Missouri, within the Eastern District of Missouri.

2.  JPMorgan Chase Bank ("Chase Bank"), the deposits of which were insured by the Federal Deposit Insurance Corporation, was a financial institution within the meaning of Title 18, United States Code, Sections 20 and 1344.

3.  SUTHERLIN was the owner of and signatory for the following bank accounts at Chase Bank (collectively, the "Chase Bank Accounts"):

    a.  Chase Bank account number xxxxx8211 in the name of SUTHERLIN ("Chase Account 1").

    b.  Chase Bank account number xxxxx3981 in the name of SUTHERLIN ("Chase Account 2").

   c. Chase Bank account number xxxxx6732 in the name of EarlyBirdz Apparel LLC ("Early Birdz Apparel Account").

### Fraud Using Stolen Identities

4. Beginning no later than in or around May 2022, and continuing through at least in or around February 2023, SUTHERLIN obtained personal identifying information ("PII"), including names, dates of birth, and Social Security numbers, of identity theft victims in the United States.

5. During that same time period, SUTHERLIN obtained false identification documents, including driver's licenses and Social Security cards, in the names of identity theft victims and using those victims' PII. In particular, SUTHERLIN obtained driver's licenses bearing the PII of identity theft victims but a photograph of SUTHERLIN.

6. During that same time period, SUTHERLIN and other individuals used the PII of identity theft victims and false identification documents to open bank accounts, debit and credit cards, and lines of credit under the names of identity theft victims.

7. During that same time period, SUTHERLIN maintained possession of false identification documents and counterfeit and unauthorized debit and credit cards in the names of identity theft victims at his residence in St. Louis, Missouri.

### Check Fraud Using Stolen Mail

8. Beginning no later than in or around May 2022, and continuing through at least in or around February 2023, SUTHERLIN obtained stolen U.S. mail that had been placed in USPS collection boxes and mailboxes in or around St. Louis, Missouri.

9. During that same time period, SUTHERLIN opened and caused to be opened the stolen U.S. mail, and removed and caused to be removed the articles contained therein, including checks.

10. During that same time period, SUTHERLIN altered and caused to be altered checks obtained from the stolen U.S. mail, by making the checks payable to SUTHERLIN.

11. During that same time period, SUTHERLIN deposited and caused to be deposited these forged checks into Chase Bank Account 1.

12. During that same time period, SUTHERLIN, before Chase Bank discovered the deposited checks were forged, obtained funds from the forged checks through cash withdrawals and electronic transfers to his other Chase Bank Accounts.

13. During that same time period, SUTHERLIN maintained possession of the stolen mail and articles contained therein at his residence in St. Louis, Missouri.

## COUNT 1–2
### Identity Theft (18 U.S.C. § 1028(a)(7))

14. The above paragraphs are realleged and incorporated by reference as if fully set forth herein.

15. On or about the dates listed below, within the Eastern District of Missouri, the defendant,

**DARRYON M. SUTHERLIN,**

did knowingly possess and use, in or affecting interstate commerce, without lawful authority, a means of identification of another person, namely, the name, date of birth, and Social Security number of Victim C.D., knowing that the means of identification belong to another actual person, with the intent to commit and in connection with any unlawful activity that constitutes a felony under any applicable State or local law, namely, forgery, in violation of Missouri Revised Statutes

3

Section 570.090, and stealing, in violation of Missouri Revised Statutes Section 570.030, and as a result of the offense, the defendant obtained anything of value aggregating $1,000 or more during any one year period, each possession and use constituting a separate count:

| Count | Approx. Date | Summary |
|---|---|---|
| 1 | May 26, 2022 | SUTHERLIN possessed and used the name, date of birth, and Social Security number of Victim C.D. in order to fraudulently obtain and steal a 2016 BMW 328i from an automotive dealership in Herculaneum, Missouri. |
| 2 | June 27, 2022 | SUTHERLIN possessed and used the name, date of birth, and Social Security number of Victim C.D. in order to fraudulently obtain a personal loan in the amount of $8,500 from Regions Bank at a branch in St. Louis, Missouri. |

All in violation of Title 18, Untied States Code, Section 1028(a)(7) and (b)(1)(D).

### COUNT 3
**Possession of False Identification Documents (18 U.S.C. § 1028(a)(3))**

16. The above paragraphs are realleged and incorporated by reference as if fully set forth herein.

17. On or about February 1, 2023, in St. Louis, Missouri, within the Eastern District of Missouri, the defendant,

**DARRYON M. SUTHERLIN**,

did knowingly possess with intent to use unlawfully or transfer unlawfully five or more false identification documents, namely, approximately twelve false driver's licenses, which appeared to be issued by and under the authority of various States, said possession, use, and transfer in and affecting interstate commerce.

In violation of Title 18, United States Code, Section 1028(a)(3) and (b)(2)(B).

4

## COUNT 4
### Access Device Fraud (18 U.S.C. § 1029(a)(3))

18. The above paragraphs are realleged and incorporated by reference as if fully set forth herein.

19. On or about February 1, 2023, in St. Louis, Missouri, within the Eastern District of Missouri, the defendant,

**DARRYON M. SUTHERLIN**,

did knowingly and with intent to defraud possess fifteen or more counterfeit and unauthorized access devices, namely, approximately fourteen debit and credit cards in names other than that of the defendant, one Social Security number located on a false Social Security card in the defendant's name, and one Social Security number located on a Social Security card in a name other than that of the defendant, said possession in and affecting interstate commerce.

In violation of Title 18, United States Code, Section 1029(a)(3) and (c)(1)(A).

## COUNT 5
### Possession of Stolen Mail Matter (18 U.S.C. § 1708)

20. The above paragraphs are realleged and incorporated by reference as if fully set forth herein.

21. On or about February 1, 2023, in St. Louis, Missouri, within the Eastern District of Missouri, the defendant

**DARRYON M. SUTHERLIN**,

did unlawfully have in his possession mail and articles of mail, namely, approximately two hundred pieces of opened mail, which mail and articles of mail had been stolen, taken, embezzled, and abstracted from an authorized depository for mail matter, namely, a U.S. Postal Service collection box, knowing said mail and articles of mail to have been stolen.

In violation of Title 18, United States Code, Section 1708.

## COUNTS 6–7
## Bank Fraud (18 U.S.C. § 1344)

22. The paragraphs above are realleged and incorporated by reference as if fully set forth herein.

### Scheme to Defraud

23. Beginning no later than in or around May 2022, and continuing through at least in or around February 2023, in the Eastern District of Missouri, the defendant,

**DARRYON M. SUTHERLIN**,

participated in a scheme and artifice to defraud Chase Bank, a financial institution, and to obtain moneys, funds, assets, and other property owned by, or under the custody and control of Chase Bank, by means of materially false and fraudulent pretenses, representations, and promises, through the deposit of forged checks.

### Manner and Means

24. Paragraphs 8 through 13 are realleged and incorporated by reference as if fully set forth herein as the description of the manner and means of the scheme.

### Executions of the Scheme

25. On or about the dates set forth below, in the Eastern District of Missouri, the defendant,

**DARRYON M. SUTHERLIN**,

executed and attempted to execute the scheme and artifice described above, to defraud a financial institution, as defined in Title 18, United States Code, Section 20, and to obtain moneys, funds, assets, and other property owned by, and under the custody and control of a financial institution, by means of material false and fraudulent pretenses, representations, and promises, in that the

defendant deposited and caused to be deposited a forged check into Chase Bank Account 1, for the purpose of defrauding and of obtaining money, funds, assets, and other property owned by and under the custody and control of Chase Bank, each check deposit constituting a separate count.

| Count | Approx. Date | Summary |
| --- | --- | --- |
| 6 | December 7, 2022 | A forged U.S. Treasury check #4045 05388312, altered to be made payable to SUTHERLIN, in the amount of $5,031.35, at the Chase Bank branch in St. Louis, Missouri. |
| 7 | December 7, 2022 | A forged U.S. Treasury check #4045 05388313, altered to be made payable to SUTHERLIN, in the amount of $5,405.30, at the Chase Bank branch in St. Louis, Missouri. |

All in violation of Title 18, United States Code, Section 1344.

## COUNT 8
## Bank Fraud (18 U.S.C. § 1344(2))

26. The above paragraphs are realleged and incorporated by reference as if fully set forth herein.

### Paycheck Protection Program

27. The Paycheck Protection Program ("PPP") was a COVID-19 pandemic relief program administered by the Small Business Administration ("SBA") that provided forgivable loans to small businesses for job retention and certain other expenses. The PPP permitted participating third-party lenders to approve and disburse SBA-backed PPP loans to cover payroll, fixed debts, utilities, rent/mortgage, accounts payable and other bills incurred by qualifying businesses during, and resulting from, the COVID-19 pandemic. PPP loans were fully guaranteed by the SBA.

28. To obtain a PPP loan, a qualifying business had to submit a PPP loan application, which was signed by an authorized representative of the business. The PPP loan application

required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications to be eligible to obtain the PPP loan, including that the business was in operation and either had employees for whom it paid salaries and payroll taxes or paid independent contractors. A business applying for a PPP loan was required to provide documentation showing its payroll expenses, such as filed federal income tax documents.

29. The types of businesses eligible for a PPP loan included individuals who were self-employed or operated as a sole proprietorship, and who did not have any employees. The PPP loan application for a self-employed individual or sole proprietorship required such an individual to certify the individual's annual income or net profit, as typically reported to the Internal Revenue Service on Form 1040, Schedule C, for a given tax year and to provide documentation showing the individual's annual income or net profit.

30. PPP loan applications were electronically submitted or caused to be submitted by the borrower and received through SBA servers located in Virginia or Oregon. Once approved, the business received the PPP loan proceeds via an electronic funds transfer from the third-party lender to a financial account under the control of the business.

31. The proceeds of a PPP loan could be used for certain specified items, such as payroll costs, mortgage interest payments, rent, and utilities for the business. The proceeds of a PPP loan were not permitted to be used by the borrower to purchase consumer goods or to fund the borrower's ordinary day-to-day living expenses unrelated to the specified authorized expenses.

32. Cross River Bank, the deposits of which were insured by the Federal Deposit Insurance Corporation, was a financial institution within the meaning of Title 18, United States Code, Sections 20 and 1344. Cross River Bank was also a participating third-party lender in the PPP.

33. Bluevine was a financial technology company that processed PPP loan applications for third-party participating PPP lenders, including Cross River Bank.

## Scheme to Defraud

34. Beginning no later than in or around March 2021, and continuing through at least in or around March 2021, in the Eastern District of Missouri, the defendant,

**DARRYON M. SUTHERLIN,**

participated in a scheme and artifice to obtain moneys, funds, assets, and other property owned by, or under the custody and control of Cross River Bank, a financial institution, by means of materially false and fraudulent pretenses, representations, and promises, through the submission of a fraudulent PPP loan application.

## Manner and Means

35. On or about March 23, 2021, SUTHERLIN submitted and caused to be submitted a fraudulent PPP loan application in his name as a self-employed individual to Cross River Bank, through loan processor Bluevine.

36. SUTHERLIN falsely represented on the PPP loan application that the PPP loan was for a construction business established in 2019, when, in truth and fact, SUTHERLIN did not operate a construction business and this business did not exist.

37. SUTHERLIN falsely represented on the PPP loan application that his gross income from 2019 was $125,819, when, in truth and fact, SUTHERLIN had substantially less income in 2019.

38. SUTHERLIN submitted and caused to be submitted with the PPP loan application a fraudulent IRS Form 1040, Schedule C (Profit or Loss from Business), purporting to have been filed by SUTHERLIN for a construction business and reporting $125,819 in gross income in 2019.

In truth and fact, the Schedule C was falsified, and SUTHERLIN had not filed the form with the IRS.

39. As a result of SUTHERLIN's false and fraudulent representations in the PPP application he had submitted, SUTHERLIN caused Cross River Bank to approve his PPP loan application.

40. SUTHERLIN further caused Cross River Bank to disburse, on or about March 25, 2021, approximately $20,833 in PPP loan proceeds to Chase Bank Account 2.

### Execution of the Scheme

41. On or about March 23, 2021, in St. Louis, Missouri, within the Eastern District of Missouri, the defendant,

**DARRYON M. SUTHERLIN,**

executed and attempted to execute the scheme and artifice described above, to obtain moneys, funds, assets, and other property owned by, and under the custody and control of a financial institution, as defined in Title 18, United States Code, Section 20, by means of material false and fraudulent pretenses, representations, and promises, in that the defendant submitted and caused to be submitted a fraudulent PPP loan application for approximately $20,833 to Cross River Bank.

In violation of Title 18, United States Code, Section 1344(2).

### FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1. Pursuant to Title 18, United States Code, Section 982(a)(2), upon conviction of an offense in violation of Title 18, United States Code, Sections 1028, 1029, or 1344, as set forth in Counts 1–8, the Defendant shall forfeit to the United States of America any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation(s). Subject

to forfeiture is a sum of money equal to the total value of property obtained directly or indirectly as a result of such violation(s).

2. Pursuant to Title 18, United States Code, Sections 1028(b)(5) and 1029(c)(1)(C), upon conviction of an offense in violation of Title 18, United States Code, Sections 1028(a) and 1029(a), as set forth in Counts 1–4, the Defendant shall forfeit to the United States any property used or intended to be used to the commit such violation(s).

3. If any of the property described above, as a result of any act or omission of the Defendant(s):

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.

_____
FOREPERSON

SAYLER A. FLEMING
United States Attorney

_____
JONATHAN A. CLOW #68003MO
Assistant United States Attorney